IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISTEN ARMENDARIZ,

    Plaintiff,

vs.                                                                                       Civ. No. 98-1309 LH/WWD

CITY OF ALBUQUERQUE POLICE
DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Compel Plaintiff to Submit to a Psychological Examination and to Extend Deadline for Submission of Dr. William Foote's Rule 26 Report filed September 7, 1999 [docket no. 46]. Plaintiff is seeking damages for emotional injuries in connection with her employment related claims against the City of Albuquerque Police Department. Plaintiff does not propose to have an expert witness in connection with this portion of her lawsuit; however, the presence or absence of an expert for Plaintiff does not necessarily determine whether Defendant should be allowed to call an expert to refute the claims which Plaintiff will pursue through her own testimony and possibly the testimony of other lay witnesses. This determination rests in the sound discretion of the Court and depends necessarily on the circumstances involved in the particular lawsuit. In the instant circumstances, I find that cross-examination of the Plaintiff would be an adequate way to test her complaints. I do not think that the addition of an expert would materially assist the jury in making its determination

as to the validity of Plaintiff's complaints regarding her emotional distress. The proposed expert testimony would more likely muddy the waters of the jury's understanding of questions which, in this instance, I find more appropriately left to the common sense and experience of the jury.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff to Submit to a Psychological Examination and to Extend Deadline for Submission of Dr. William Foote's Rule 26 Report [docket no. 46] be, and it hereby is, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE