IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRISTEN ARMENDARIZ,

    Plaintiff,

vs.                                     Civ. No. 98-1309 LH/WWD

CITY OF ALBUQUERQUE POLICE
DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel [docket no. 53] filed September 13, 1999. Plaintiff seeks full and complete responses to interrogatory numbers 1, 3, 4 and 5 and request for production numbers 2, 4, 5 and 9.

*Interrogatory No. 1*

Interrogatory no. 1 seeks the identifying data and certain other information of each person who has asserted certain sex or retaliation based claims against Defendant from 1990 to the present. I have reviewed Defendant's response to interrogatory no. 1 and find that it is adequate; accordingly, no further response to this interrogatory will be required.

*Interrogatories No. 3 and 4*

Interrogatory no. 3 seeks identifying information as to employees who have donated leave time to another employee who was pregnant or who desired to take maternity leave. Defendant claims that interrogatory no. 3 is unduly burdensome and overly broad. I do not agree. The

-1-

recipients of any leave donations would be women who became pregnant or who bore children while employees of Defendant. I am not convinced that researching this group "would require a hand search of thousands of employee records." Presumably the female employees who either became pregnant or had a child while they were employed by Defendant would have entries in their personnel records which would indicate that they had received donated leave time if such were the case. These same group of women should have in their personnel records indications of any leave taken which exceeded their "available vacation, sick leave, and/or FMLA leave". This would be the information sought in the first part of interrogatory no. 4, which together with the identifying information in the second part would be the answer in each particular case to interrogatory no. 4. Defendant should furnish full and complete answers to interrogatory nos. 3 and 4.

*Interrogatory No. 5 and Request for Production No. 5*

Interrogatory no. 5 seeks certain identifying and employment data with respect to any witness statements taken by Defendant in connection with the Plaintiff or Plaintiff's claims as well as the date the statement was taken, the form of the statement, and the identity of the person who took the statement. The information sought in interrogatory no. 5 is discoverable, and Defendant should make a full and complete response to interrogatory no. 5 forthwith.

Request for production no. 5 seeks the production of the statements which were sought to be identified in interrogatory no. 5. Defendant's objection to the production of the sought statements is not well taken. First, it misidentifies the person who took the statements as "Bob Casey" when the person who actually took the statements was Nick Bakas. Secondly, the purported privilege log, which was not timely provided, is not sufficiently detailed to allow the

attorney seeking production of the statements to raise any question as to the propriety of the asserted privilege. Accordingly, I find that the protection sought to be invoked either through attorney/client privilege or the work product doctrine is unavailable. Copies of the tape recordings of the interviews conducted by Nick Bakas concerning Kristen Armendariz should be produced to Plaintiff forthwith.

*Request for Production No. 2 and No. 4*

Defendant's undertaking with respect to request for production no. 2 and no. 4 as set out in their response to Plaintiff's motion to compel is satisfactory, and production shall be made in accordance with those respective undertakings.

*Request for Production No. 9*

Request for production no. 9 seeks the Internal Affairs files in cases numbered I-17-94, I-26-94, I-88-94, and I-25-94. On or before September 24, 1999, Defendant shall submit to the undersigned for an *in camera* inspection the Internal Affairs files in I-17-94, I-88-94, and I-25-94. I will then determine whether any portion of those files shall be produced to Plaintiff. Defendant asserts that case no. I-26-94 does not exist. Defendant's counsel shall make inquiry of his client to ascertain whether such a file number would be in the sequence of file numbers utilized in 1994, and, from any cross references that might exist, the identity of the individual who was the subject of the inquiry with this case number. On or before September 30, 1999, Defense counsel shall report the results of this inquiry directly to the undersigned, and I will determine whether further action is necessary.

Discovery in this cause should proceed in accordance with the foregoing

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE