# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KRISTEN ARMENDARIZ,

      Plaintiff,

vs.                                                                                                No. CIV 98-1309 LH/WWD

CITY OF ALBUQUERQUE POLICE
DEPARTMENT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for hearing on March 10, 2000, on Defendant's Motion for Partial Summary Judgment (Docket No. 92), filed October 29, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, for the reasons stated on the record, finds that the motion shall be **granted in part;** accordingly, Plaintiff's claim for punitive damages is **dismissed.** Furthermore, the motion will be **denied in part;** the allegedly retaliatory acts which were not mentioned in the second, third and fourth EEOC charges, as well as the allegedly retaliatory act regarding the Family Medical Leave Act ("FMLA"), are **not dismissed.** Finally, Defendant shall be permitted to take Plaintiff's deposition

which shall not exceed one hour and shall be limited to Plaintiff's allegation regarding the FMLA issue which arose after her previous deposition.

Plaintiff concedes that punitive damages are not recoverable against the City. *See* 42 U.S.C. § 1981a (b)(1)("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision). . . ."). Therefore, Plaintiff's claim for punitive damages will be dismissed.

The City seeks dismissal of four allegedly retaliatory acts on the basis that the Court lacks jurisdiction because Plaintiff did not exhaust her administrative remedies because she did not include those acts in subsequent EEOC charges. Federal courts lack jurisdiction to entertain Title VII claims unless such claims were previously filed with the Equal Employment Opportunity Commission ("EEOC"). *Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 799 (10th Cir. 1997). When a plaintiff seeks judicial relief for incidents not listed in her original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge. *Id.* Retaliatory action which occurs after the filing of a charge with the EEOC is reasonably related to the charge. *Id.* However, where a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act *or a retaliation claim* in the subsequent charge, the retaliatory act ordinarily will not be considered to reasonably relate to the charge. *Id.* (emphasis added).

I distinguish *Seymore* from this case in that the *Seymore* plaintiff never filed a retaliation claim with the EEOC whereas in this case Plaintiff filed three EEOC charges which included retaliation claims. Although Plaintiff's EEOC charges do not identify the four alleged retaliatory acts at issue, her general claims of retaliation are broad enough to include those acts. Plaintiff is not required to

allege in an EEOC charge each and every fact that combines to form the basis of each claim. *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). Furthermore, Plaintiff's retaliation claims in her second, third and fourth EEOC charges meet the two purposes behind the requirement for administrative exhaustion: 1) to give notice of the alleged violation to the charged party; and 2) to give EEOC an opportunity to conciliate the claim. *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). *See also* 29 C.F.R.§ 1601.12(b)(an EEOC charge is sufficient if it identifies the parties and describes generally the action or practices complained of); 29 C.F.R. § 1601.15(b)(the EEOC, as part of its investigation, can require the plaintiff to provide a statement identifying each specific act and harm). For these reasons, the Court concludes that it has jurisdiction over Plaintiff's retaliation claims, including the four allegedly retaliatory acts which were not specifically mentioned in the EEOC charges. The four allegedly retaliatory acts will not be dismissed. The Court makes no determination at this time regarding the admissibility of those acts.

Defendant also wants the Court to dismiss the allegedly retaliatory acts which occurred after the filing of Plaintiff's amended complaint on the basis that discovery is closed and therefore Defendant will be unable to prepare a defense to those acts. However, only one allegedly retaliatory act has occurred since the close of discovery. Defendant anticipates that Plaintiff will allege that she was required to document as FMLA leave all the time she took off from work for prenatal doctor's visits and pregnancy related illnesses. Defendant shall be permitted to take Plaintiff's deposition, not to exceed one hour, specifically limited to this area of alleged retaliation.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Partial Summary Judgment (Docket No. 92), filed October 29, 1999, is **granted in part** and **denied in part.**

**IT IS FURTHER ORDERED** that Defendant is permitted to take Plaintiff's deposition. The deposition shall not exceed one hour and shall be limited to Plaintiff's allegation of retaliation regarding the FMLA issue which arose after her previous deposition.

_____
**UNITED STATES DISTRICT JUDGE**