IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTEN ARMENDARIZ

      Plaintiff,

vs.                                                    No. CIV 98-1309 LH/WWD

CITY OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion In Limine No. 2, Exclusion of Evidence of the EEOC's Reasonable Cause Determination (Docket No.125), filed May 8, 2000. This Court having considered the pleading submitted by the parties, the arguments of counsel and otherwise being fully informed, finds that the motion is well taken and shall be **granted**.

An EEOC reasonable cause determination must be trustworthy if it is to be admitted. *Perrin v. Anderson*, 784 F.2d 1040, 1047 (10th Cir. 1986). To determine whether an EEOC Reasonable Cause Determination is trustworthy, the Court must consider the following: 1) the timeliness of the investigation, 2) the special skill or experience of the investigator, 3) whether a hearing was held and the level at which it was conducted, and 4) any possible motivation problems in the preparation of the report. *Id*.

Defendant states, and Plaintiff does not dispute, that the EEOC did not conduct a formal hearing. Although Defendant submitted documents and explanations to the EEOC investigation,

Defendant did not have an opportunity to cross-examine Plaintiff and thus provide the investigator with the opportunity to assess Plaintiff's credibility. *See Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 821(10th Cir. 1981). (Lack of formal procedures and an opportunity to cross-examine witnesses are proper factors in determining the trustworthiness of the findings).

In addition, an EEOC report can be admitted into evidence if the report consists of a summary of the charges, a brief review of the facts developed in the investigation and the findings of a probable cause the violation exist. *Smith v. Universal Services, Inc*. 454 F.2d 154, 157(5th Cir. 1972). In this case the EEOC Determination does not present a brief review of facts developed in the investigation. Instead it only makes conclusory statements of violations such as "Evidence shows that Charging party was subject to unwanted sexual harassment," (Def.'s Mem. Ex-A).

Even if the Court were to find that the EEOC Determination report is trustworthy, whether the report should be admitted into evidence at the trial is a matter resting within the sound discretion of the Court. *Hall v. Western Production Company*, 988 F.2d 1050, 1057 (10th Cir. 1993). The Determination has little probative value in that Plaintiff will have the opportunity to present to the jury all of the evidence she submitted to the EEOC. [1] *See Id.* at 1058. "To admit the report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the

---

[1]Although Plaintiff cites several cases which state EEOC are highly probative, in each of those cases, the EEOC Determinations were "trustworthy" under *Perrin*. 784 F.2d at 1047 Plaintiff also suggests that excluding the EEOC Reasonable Cause Determination would render the EEOC process meaningless. The Court disagrees; in Title VII, Congress set up an elaborate administration procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation. *Patterson v. McLean Credit Union*,   491 U.S. 164, 180-181(1988); 42 U.S.C. § 2000e-5(b).

ability to draw its own conclusions from the evidence presented regarding disparate treatment." Johnson v. Yellow Freight System Inc., 734 F.2d 1304, 1309 (8th Cir. 1984).

Therefore, the EEOC Reasonable Cause Determination will be excluded because it is not trustworthy and its probative value is substantially outweighed by the prejudicial affect. *See* Fed. R. Evid. 403.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion In Limine No. 2, Exclusion of Evidence of the EEOC's Reasonable Cause Determination (Docket No.125), filed May 8, 2000, is **granted.**

_____
UNITED STATES DISTRICT JUDGE